25 Civ. 3815 (DLC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OLIVER CASEY ESPARZA, et. al.,

Plaintiffs,

-against-

CITY OF NEW YORK, et. al.,

Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS AND TO STRIKE CLASS ALLEGATIONS**

***MURIEL GOODE-TRUFANT***
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York,*
*Jessica Tisch, Kenney Vega, Jonathan Pessoa,*
*Thomas Keller, Giovanni Martino and Shaye*
*Lall*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Mark Zuckerman*
*Tel:  (212) 356-3519*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................ 1

ARGUMENT

      POINT I

            PLAINTIFFS' CLAIMS AGAINST THE
            DEFENDANTS P.O.S KELLER AND PESSOA
            SHOULD BE DISMISSED ....................................................................... 1

      POINT II

            ALL OF PLAINTIFFS' CLAIMS BASED ON
            FALSE ARREST OR UNLAWFUL SEIZURE
            SHOULD BE DISMISSED ....................................................................... 2

      POINT III

            PLAINTIFFS' CLAIMS AGAINST NYPD
            POLICE COMM. TISCH ALL FAIL ......................................................... 5

      POINT IV

            PLAINTIFFS' MUNICIPAL LIABILITY CLAIMS
            ALL FAIL .................................................................................................. 6

      POINT V

            PLAINTIFFS LACK STANDING TO SEEK
            INJUNCTIVE RELIEF ............................................................................. 8

CONCLUSION ...................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**                                                                                      **Pages**

Amore v. Novarro,
   624 F.3d 522 (2d Cir. 2010)................................................................................2, 3

An v. City of New York,
   16 Civ. 5381 (LGS), 2017 U.S. Dist. LEXIS 84364 (S.D.N.Y. June 1, 2017).........................9

Bank v. Doe,
   19 Civ. 5804 (RRM)(LB),
   2021 U.S. Dist. LEXIS 116422 (E.D.N.Y. June 22, 2021) ....................................................2

Beck v. City of New York,
   12 Civ. 9231 (RA), 2014 U.S. Dist. LEXIS 1136 (S.D.N.Y. Jan. 3, 2014).............................4

Buari v. City of New York,
   530 F. Supp.3d 356 (S.D.N.Y. 2021)..........................................................................6

Burg v. Gosselin,
   591 F.3d 95 (2d Cir. 2010)..................................................................................2, 3

Camacho v. City of New York,
   19 Civ. 11096 (DLC),
   2020 U.S. Dist. LEXIS 128308 (S.D.N.Y. July 21, 2020) .....................................................10

Chavez v. Finney,
   19 Civ. 4109 (RA), 2022 U.S. Dist. LEXIS 52843 (S.D.N.Y. Mar. 23, 2022) ....................3, 4

City of Los Angeles v. Lyons,
   461 U.S. 95 (1983)...........................................................................................8, 9

Connick v. Thompson,
   563 U.S. 51 (2011)..............................................................................................8

Garcia v. City of New York,
   09 Civ. 4686 (CM), 2010 U.S. Dist. LEXIS 73638 (S.D.N.Y. July 14, 2010).........................2

Isaac v. City of New York,
   16 Civ. 4729 (KAM) (RLM), 2018 U.S. Dist. LEXIS 163536 (E.D.N.Y. Sept.
   24, 2018) .......................................................................................................7

Isaac v. City of New York,
   16 Civ. 4729 (KAM) (RLM),
   2018 U.S. Dist. LEXIS 132995 (E.D.N.Y. Aug. 6, 2018).......................................................7

ii

**Cases**                                                                    **Pages**

MacIssac v. Town of Poughkeepsie,
    770 F. Supp. 2d 587 (S.D.N.Y. 2011)..................................................................10

Marcavage v. The City of New York,
    689 F.3d 98 (2d Cir. 2012)..............................................................................8

Peterec v. City of New York,
    14 Civ. 309 (RJS), 2015 U.S. Dist. LEXIS 28504 (S.D.N.Y. Mar. 4, 2015) ...........................3

Posr v. Doherty,
    944 F.2d 91 (2d Cir. 1991)..........................................................................3, 4

Rapa v. City of New York,
    15 Civ. 1916 (JMF),
    2015 U.S. Dist. LEXIS 129048 (S.D.N.Y. Sept. 25, 2015)..........................................9

Shain v. Ellison,
    356 F.3d 211 (2d Cir. 2004)........................................................................8, 9

Singleton v. City of New York,
    98 Civ. 0414 (LAP), 1998 U.S. Dist. LEXIS 11842 (S.D.N.Y. July 31, 1998) .......................5

Tangreti v. Bachmann,
    983 F.3d 609 (2d Cir. 2020)........................................................................5

Terry v. Ohio,
    392 U.S. 1 (1968)................................................................................3

United States v. Levy,
    731 F.2d 997 (2d Cir. 1984)........................................................................4

United States v. Moreno,
    897 F.2d 26 (2d Cir. 1983)........................................................................4

Williams v. City of New York,
    34 F. Supp.3d 292 (S.D.N.Y. 2014)................................................................9

**Statutes**

Fed. R. Civ. P. Rule 4(m)..........................................................................1, 2

Fed. R. Civ. P. 12(b)(1)............................................................................1

Fed. R. Civ. P. 12(b)(2)............................................................................1

Fed. R. Civ. P. 12(b)(5)............................................................................1

**Cases**                                                                                    **Pages**

Fed. R. Civ. P. Rule 12(f) ................................................................................................1

## PRELIMINARY STATEMENT

Defendants City of New York (the "City"), NYPD Police Comm. Jessica Tisch, P.O. Kenney Vega, P.O. Jonathan Pessoa, P.O. Thomas Keller, P.O. Giovanni Martino and P.O. Shaye Lall, hereby respectfully submit their Memorandum of Law in further support of their motion to dismiss plaintiffs' second amended complaint (the "Complaint") pursuant to Rules 12(b)(1) (all claims for injunctive relief), 12(b)(2) and (5) (plaintiffs' claims against P.O.s Pessoa and Keller only), 12(b)(6) and to strike plaintiffs' class allegations pursuant to Rule 12(f), Fed. R. Civ. P. For the reasons set forth in defendants' opening brief, and herein[1], defendants' motions should be granted in their entirety and the Complaint dismissed with prejudice.

## ARGUMENT

## POINT I

## PLAINTIFFS' CLAIMS AGAINST THE DEFENDANTS P.O.S KELLER AND PESSOA SHOULD BE DISMISSED

In their opening brief, the defendants P.O.s Keller and Pessoa argued for the dismissal of plaintiffs' claims against them pursuant to Rules 12(b)(2) and (5) since they were not served within the 90 day period allowed by Rule 4(m), Fed. R. Civ. P. In response, plaintiffs argue that since their first amended complaint named P.O.s Keller and Pessoa as defendants for the first time on July 30, 2025, a new 90 day period to serve them arose at that juncture. Plaintiffs' argument misses the point, however. P.O.s Keller and Pessoa were "John Does" in the original complaint (see Docket 1, ¶¶20, 150), so when plaintiffs added them to their amended complaint, they were merely replacing the John Does with these defendants' true names. Thus, plaintiffs still needed to serve

---

[1] To the extent that certain of plaintiffs' arguments in opposition are not addressed herein due to page and word limitations, defendants rely on the arguments presented in their opening brief, including, but not limited to, those relating to the lack of supplemental jurisdiction and the striking of plaintiffs' class claims.

them within the initial 90 day period in the absence of seeking more time from the Court, which they indisputably did not do. See Bank v. Doe, 19 Civ. 5804 (RRM)(LB), 2021 U.S. Dist. LEXIS 116422, at *9-10 (E.D.N.Y. June 22, 2021) (collecting cases in which Doe defendants were "dismissed pursuant to Rule 4(m) for failure to identify and serve them within the 90-day period'). Having shown no good cause for their failure to serve P.O.s Keller or Pessoa timely, dismissal is proper. Otherwise, the 90 period of Rule 4(m) would be open to abuse in these circumstances.

## POINT II

### ALL OF PLAINTIFFS' CLAIMS BASED ON FALSE ARREST OR UNLAWFUL SEIZURE SHOULD BE DISMISSED

In their opening brief, defendants argued that all of plaintiffs' false arrest and unlawful seizure claims fail[2] since they have completely failed to plausibly allege a physical restraint or order by any police officer to any plaintiff to remain in place upon their being stopped for the issuance of the subject summonses/traffic tickets. In response, plaintiffs attempt to distinguish some of the cases cited by defendants in their opening brief. Plaintiffs' interpretations of the cases cited to by defendants only amount to an attempt to turn every traffic summons/ticket into a seizure and/or an arrest, which should be soundly rejected by this Court.

Plaintiffs do not dispute defendants' assertion that "a pre-arraignment, non-felony summons requiring no more than a later court appearance does not constitute a Fourth Amendment seizure." Burg v. Gosselin, 591 F.3d 95, 101 (2d Cir. 2010). Instead, plaintiffs almost solely rely on a footnote in Amore v. Novarro, 624 F.3d 522, 532 n.13 (2d Cir. 2010) to support their

---

[2] Plaintiffs make no argument whatsoever as to any liability of the remaining John and Jane Doe defendants. As such, any such claims should be dismissed with prejudice as well. See Garcia v. City of New York, 09 Civ. 4686 (CM), 2010 U.S. Dist. LEXIS 73638, at *2 (S.D.N.Y. July 14, 2010) (dismissing claims against John and Jane Doe defendants upon the City's motion).

argument: "[A] plaintiff pleads a seizure when he alleges that a police officer held on to his identification and ordered him to stay put while the police officer wrote out a summons." Id. (emphasis added). District courts have interpreted the physical "order to stay put" requirement necessary to plead a seizure under these circumstances as an order by an officer "to remain in place while an officer writes out a summons." See Chavez v. Finney, 19 Civ. 4109 (RA), 2022 U.S. Dist. LEXIS 52843, at *22 (S.D.N.Y. Mar. 23, 2022); Peterec v. City of New York, 14 Civ. 309 (RJS), 2015 U.S. Dist. LEXIS 28504, at *5 (S.D.N.Y. Mar. 4, 2015). Although plaintiffs continue to argue that they were forced to provide identification upon each of the subject stops, what is completely missing from the Complaint is any allegation that any defendant ordered them to physically "remain in place" while the officer wrote out the summons[3]. Thus, plaintiffs' allegations leave them in the ambit of Burg because "a pre-arraignment, non-felony summons requiring no more than a later court appearance does not constitute a Fourth Amendment seizure." Id.

Plaintiffs do not squarely address the additional arguments made in defendants' opening brief. Defendants cited Second Circuit law, that, "of course, just as not every encounter between a citizen and the police is a seizure, Terry v. Ohio, 392 U.S. 1, 13 (1968), not every seizure is an arrest." Posr, supra, at 97-98. Plaintiffs seem to concede that their one (and only) federal claim is for false arrest only, yet contend that their lacking "seizure" arguments are sufficient to allege such claim (and do not  recognize defendants' arguments as to the confinement requirements for an

---

[3] The plaintiffs Esparza, Nasrallah, Bloxham, Gupta and Harper were merely told to "wait" for the issuance of the summons (Complaint, ¶¶52, 64, 71, 79). The plaintiff Lee merely alleges in an improperly legally conclusory manner that he was "detained." (Complaint, ¶92). The plaintiff Pender "waited" for P.O. Lall to write out the summons as "[a] larger group of Defendant NYPD Officers observed the encounter." (Complaint, ¶¶97-98) Pender does not allege that she was surrounded while the summons was written. Although each plaintiff alleges that he or she subjectively did not feel free to leave, "it is not enough to say a person has been arrested simply because, due to a police action, he reasonably believes he is not free to leave." See Posr v. Doherty, 944 F.2d 91, 97-98 (2d Cir. 1991).

arrest). The <u>Chavez</u> court noted the critical distinction, however: "To prevail on such a claim, a plaintiff must plead actual confinement." <u>Id.</u>, at *23 (internal citations omitted). In dismissing such claim, that Court reasoned that plaintiff had "fail[ed] to state any facts that would support [his] conclusory assertions, such as describing physical restraint or an order from [the police officers] to remain in place." <u>Id.</u>, at *24.

"An arrest need not be formal; it may occur even if the formal words of arrest have not been spoken provided that the subject is restrained and his freedom of movement is restricted." <u>Posr</u>, <u>supra</u>, at 98-99 (citing <u>United States v. Levy</u>, 731 F.2d 997, 1000 (2d Cir. 1984) ("an arrest occurred when suspect was ordered to 'freeze' and was forced to stand spread-eagle against a wall") and <u>United States v. Moreno</u>, 897 F.2d 26, 31 (2d Cir. 1983) ("the defendant was arrested 'when [the police officers] pushed [the defendant] against the wall and told him not to move'")); <u>see also</u> <u>Beck v. City of New York</u>, 12 Civ. 9231 (RA), 2014 U.S. Dist. LEXIS 1136, at *8 (S.D.N.Y. Jan. 3, 2014) ("Plaintiff's allegation that she was confined by Defendants, without more, is simply a legal conclusion.").

Plaintiffs' federal claims as set forth in the Complaint are for false arrest. Aside from not even addressing the foregoing arguments of defendants as to the need for physical restraint or physical restriction on plaintiffs' freedom of movement to bring such claim, as with the plaintiff in <u>Chavez</u>, <u>supra</u>, the Complaint does not even allege a "physical restraint" as to any plaintiff. Thus, no plaintiff has plausibly alleged a seizure or confinement. As such, however the Court construes the allegations in the Complaint, plaintiffs' unlawful seizure and false arrest claims fail.

In their opening brief, defendants also argued that in the event that the Court exercises supplemental jurisdiction, plaintiffs' state and local claims also fail because such claims should be analyzed similar to that of plaintiffs' federal false arrest claim. Plaintiffs in response agree. (Ps'

4

MOL, at p. 9). Therefore, based on the authorities cited in defendants' opening brief and above, plaintiffs' state and local law claims should also be dismissed. On this issue, however, one point in plaintiffs' opposition Memorandum of Law does not make any sense. At footnote 4 on page 11 of their responsive MOL, plaintiffs seem to contend that their state and local law claims would survive against the City even if the Court dismisses the claims against the individual officers. Obviously, the City cannot be held vicariously liable for such claims if such claims are not viable.

Finally, regardless of whether or not the Court could stay those plaintiffs' false arrest claims whose underlying criminal proceedings are still pending (or dismiss them pursuant to Singleton v. City of New York, 98 Civ. 0414 (LAP), 1998 U.S. Dist. LEXIS 11842, at *7 (S.D.N.Y. July 31, 1998) or the Younger abstention doctrine), dismissal with prejudice is proper anyway, as for the reasons argued by defendants, such claims are not plausibly alleged.

## POINT III

## PLAINTIFFS' CLAIMS AGAINST NYPD POLICE COMM. TISCH ALL FAIL

In defendants' opening brief, NYPD Police Comm. Tisch argued that she had no personal involvement in any of the constitutional violations alleged by plaintiffs (and as seen there were no constitutional violations committed by any defendant in any event) and that plaintiffs' allegations against her are completely conclusory. At bottom, plaintiffs' argument is that because she is at the pinnacle of the NYPD hierarchy, she is liable for plaintiffs' allegations. This exact type of argument was expressly rejected in Tangreti v. Bachmann, 983 F.3d 609 (2d Cir. 2020). Pursuant to Tangreti, "'a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" Id., at 616 (internal quotation omitted). Plaintiffs do not come close to meeting this standard, thus, their claims against NYPD Police Comm. Tisch all fail.

## POINT IV

## <u>PLAINTIFFS' MUNICIPAL LIABILITY CLAIMS ALL FAIL</u>

In their opening brief, defendant City made a number of arguments as to why plaintiffs' claims for municipal liability fail. In response, plaintiffs do agree with the City on one point: If the Court finds that there is no underlying constitutional violation, plaintiffs' municipal liability claims all fail as well. As seen, no plaintiff has plausibly alleged an underlying constitutional violation. As such, for this reason alone, plaintiffs' municipal liability claims all fail as well.

Although plaintiffs are reluctant to admit it, the test frequently used by district courts in this Circuit for the use of other complaints in support of an unofficial custom or practice municipal liability theory is as follows: "Such complaints must involve factually similar misconduct, be contemporaneous to the misconduct at issue in the plaintiff's case, and result in an adjudication of liability." <u>E.g</u>. <u>Buari v. City of New York</u>, 530 F. Supp.3d 356, 399 (S.D.N.Y. 2021) (collecting cases). Plaintiffs contend in opposition to the City's motion to dismiss that they have plausibly alleged 22 such complaints over a 4 year period of time. In reality, however, **there are zero such similar complaints**. Plaintiffs refer to (and count in their calculation) <u>e.g.</u>, the incidents described in ¶¶120, 121, 123, 125, 130, 131 and 132 (describing 6 incidents). However, all that plaintiffs' description of these incidents stand for is that these bicyclists were allegedly ticketed while crossing during an LPI. None of the allegations contain the results of the criminal proceedings, much less that the criminal proceedings ended favorably to the cyclists. More importantly, none of these cyclists filed a complaint of any kind, much less a complaint (similar to that being made in this case) **that alleged a constitutional violation of unlawful seizure or false arrest which resulted in liability to the City.** The incidents described in ¶¶124 and 129 resulted in the bicyclists pleading guilty to the underlying charges. So, these incidents are not supportive of plaintiffs' argument either. The incident described in ¶122, and thereafter, that resulted, according to

6

plaintiffs, in an Article 78 finding in that individual's favor reflects a supportive finding of just a portion of plaintiffs' underlying allegations in this case, as it is devoid of a finding of unconstitutional behavior such as false arrest or unlawful seizure. Nothing in the Complaint indicates that the Article 78 judge addressed **the constitutional issues raised in this case**, much less favorably to the cyclist. That leaves the seven plaintiffs in this case, who are the only individuals according to the Complaint who have ever brought claims based on **constitutional** unlawful seizure or false arrest. There have been, of course, no adjudications in their favor to date.

Plaintiffs also argue for a finding of the sufficiency of a smaller number of similar complaints because they claim that the alleged custom or practice is "very narrowly-defined." (Ps' MOL, at p. 13) The custom or practice alleged by plaintiffs is hardly "narrowly-defined" as they allege over an approximate 5 year period that there are now 61,000 cyclists daily utilizing the New York City streets which are policed by over 30,000 police officers. These facts demonstrate the absurdity of plaintiffs' municipal liability allegations, and that the examples in the Complaint of a few officers not understanding LPIs and the City's official policies which plaintiffs laud, are isolated instances, rather than plaintiffs "narrowly defining" an alleged practice.

Next, plaintiffs contend that they are relying on research reports to support their claim. "Research reports may be used to bolster <u>Monell</u> claims, but only if those reports are sufficiently connected to the specific facts of the case…." <u>Isaac v. City of New York</u>, 16 Civ. 4729 (KAM) (RLM), 2018 U.S. Dist. LEXIS 132995, at *51 (E.D.N.Y. Aug. 6, 2018) (M.J. Mann) (internal citations omitted), <u>adopted by</u>, <u>Isaac v. City of New York</u>, 2018 U.S. Dist. LEXIS 163536 (E.D.N.Y. Sept. 24, 2018). Plaintiffs have not cited to even one research report that purports to show that the City has an unconstitutional custom or practice of violating cyclists' constitutional rights resulting from their crossing during LPIs. To the contrary, the articles merely reflect,

according to plaintiffs, an NYPD zero tolerance for cyclist traffic infractions. (See Complaint, ¶¶106, 110). The articles therefore are not sufficiently connected to the facts of this case.

 Plaintiffs' failure to train or supervise claim fares no better. Plaintiffs cannot seriously dispute that with respect to claims alleging the failure to train (or supervise), it is "ordinarily necessary" to establish a "pattern of similar **constitutional violations** by untrained employees." See Connick v. Thompson, 563 U.S. 51, 61 (2011) (emphasis added). As seen, the Complaint is devoid of even one constitutional complaint arising out of LPI enforcement, much less a constitutional violation by any NYPD officer in this context. These claims of plaintiffs thus fail.

## POINT V

### PLAINTIFFS LACK STANDING TO SEEK INJUNCTIVE RELIEF

With respect to the "likelihood of future harm" prong of the two prong test of City of Los Angeles v. Lyons, 461 U.S. 95 (1983) and Shain v. Ellison, 356 F.3d 211 (2d Cir. 2004), defendants made essentially two arguments in their opening brief. First, defendants argued that plaintiffs were relying on the past conduct of the officer defendants as alleged in the Complaint, which defendants contend does not amount to an unconstitutional violation. Second, defendants argued that to the extent that plaintiffs were attempting to demonstrate future harm, it is completely hypothetical, speculative and conjectural in light of the fact that plaintiffs have only been stopped once in their years of regularly cycling through New York City streets and advantaging themselves of LPIs, despite what they allege in the Complaint to be NYPD "crackdowns" on bicyclists generally, and especially along the routes they take.

In response, plaintiffs argue that Lyons and Shain do not apply here because their purported future injuries do not depend on their engaging in illegal activity in the future. But courts in this Circuit have routinely dismissed claims for injunctive relief based on a lack of standing irrespective of these conditions, based on the application of Lyons and Shain. See e.g. Marcavage

v. The City of New York, 689 F.3d 98, 103 (2d Cir. 2012) ("Neither party's national convention will be in New York City in 2012, and there is no prospect that a national convention will be coming anytime to the Garden, or that, if one did, similar policies regarding pedestrian traffic and protesters would be enacted or enforced. Since Plaintiffs [demonstrators] have not demonstrated a certainly impending future injury that could be redressed by this Court, we lack jurisdiction to adjudicate their claims for equitable relief."); Williams v. City of New York, 34 F. Supp.3d 292 (S.D.N.Y. 2014) (hearing impaired plaintiff's claim that she would be arrested again or that she would have another peaceful interaction with police where she lived in the future was hypothetical); Rapa v. City of New York, 15 Civ. 1916 (JMF), 2015 U.S. Dist. LEXIS 129048 (S.D.N.Y. Sept. 25, 2015) (hearing impaired plaintiff's claim that he would be arrested again **or** have another interaction with the police in a county other than where he lived was hypothetical). Thus, plaintiffs are incorrect that Lyons and Shain are inapplicable to the facts of this case.

Next, plaintiffs rely on An v. City of New York, 16 Civ. 5381 (LGS), 2017 U.S. Dist. LEXIS 84364 (S.D.N.Y. June 1, 2017), and argue that the plaintiff in that case relied not just on his prior arrest, but also the fact that he would continue to come in contact with police officers in the future, which the Court found met at the pleading stage the "likelihood of future harm requirement." But, to the extent An was correctly decided, it is easily distinguishable. An was challenging an alleged practice of the NYPD to interfere with individuals who were recording police activities, and alleged that he continued to record police activities often. So, every future subject encounter that An engaged in was a contact with NYPD. That is a far cry from this case where plaintiffs admittedly bicycle regularly in the City and allege no other contacts at all with the NYPD, much less any other stops. An, therefore, is distinguishable on its facts and applicable law.

With respect to the "official policy or its equivalent" prong, the Complaint lauds the City's official policies, which is dispositive. See Camacho v. City of New York, 19 Civ. 11096 (DLC), 2020 U.S. Dist. LEXIS 128308, at *4 (S.D.N.Y. July 21, 2020) (dismissing injunctive relief claims, based, in part, on the fact that the record demonstrated that DOC did not have a policy of indiscriminately arresting visitors for bringing in books and magazines with liquid K2 on them); see also MacIssac v. Town of Poughkeepsie, 770 F. Supp. 2d 587, 597 (S.D.N.Y. 2011) ("formal policy or its equivalent" requirement necessarily carries with it a "much narrower definition of an 'official policy' [than Monell], but one to which the courts of the Second Circuit have adhered when determining whether a particular plaintiff may seek injunctive relief"). In any event, even applying the Monell standard to the "official policy or its equivalent" test, for the above reasons, plaintiffs have not plausibly alleged municipal liability, and such claim therefore fails.

## CONCLUSION

For the foregoing reasons, as well as those set forth in their opening Memorandum of Law, defendants' motions should be granted in their entirety, the Complaint dismissed with prejudice and plaintiffs' class allegations stricken.

Dated:        New York, New York
              January 22, 2026

MURIEL GOODE-TRUFANT
Corporation Counsel of the
  City of New York
Attorney for Defendants City of New York, Jessica
Tisch, Kenney Vega, Jonathan Pessoa, Thomas
Keller, Giovanni Martino and Shaye Lall
100 Church Street, Room 3-200
New York, New York 10007


By:    /s/ Mark D. Zuckerman
       MARK D. ZUCKERMAN
       JACK MCLAUGHLIN

10

## **CERTIFICATE OF COMPLIANCE**

I, Mark Zuckerman, certify that the Reply Memorandum of Law in support of defendants'

motions contains approximately 3,250 words (including footnotes) in accordance with the Court's

Individual Rules of Practice and complies with the Court's formatting rules. I have relied on the

word count function of Microsoft Word to prepare this certification.

Dated:       New York, New York
              January 22, 2026

                       By:    /s/ Mark D. Zuckerman
                               Mark D. Zuckerman
                               Senior Counsel