```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                          :
OLIVER CASEY ESPARZA, et al.,             :
                                          :
                         Plaintiffs,      :
                                          :    25cv3815 (DLC)
              -v-                         :
                                          :    OPINION AND
CITY OF NEW YORK, et al.,                 :       ORDER
                                          :
                         Defendants.      :
                                          :
----------------------------------------- X
```

APPEARANCES:

For plaintiffs:

Alexander Gideon Plaskow Goldenberg
Daniel Erik Mullkoff
Lily Sawyer-Kaplan
Mariann Meier Wang
Wang Hecker LLP
111 Broadway
Suite 1406
New York, NY 10006

Jahne Brown
79 Underhill Avenue
Apt 1R
Brooklyn, NY 11238

For defendants:

Mark David Zuckerman
John McLaughlin
New York City Law Department
100 Church St.
New York, NY 10007

DENISE COTE, District Judge:

    Plaintiffs are cyclists who brought this putative § 1983 class action against the City of New York ("City"), New York

Police Department ("NYPD") Commissioner Jessica Tisch, and individual NYPD officers for false arrest after they were stopped and issued traffic tickets/summonses by NYPD officers for crossing into intersections.  The defendants filed a motion to dismiss the Seconded Amended Complaint ("SAC").  For the following reasons, the defendants' motion is granted.

## Background

The following facts are alleged in the SAC.  This Opinion summarizes only the facts necessary to decide this motion.

In 2014, the City launched the "Vision Zero" initiative to eliminate traffic fatalities and injuries.  As part of that initiative, the City has installed Leading Pedestrian Interval ("LPI") systems at thousands of intersections.  An LPI is a pedestrian signal that displays a white walking light several seconds before the traffic signal turns green, thus giving pedestrians a head start to cross the intersection.  In 2019, the New York City Council amended the New York City Administrative Code to permit cyclists to cross intersections when the LPI white/walk light is activated so long as they yield to pedestrians.  See N.Y.C. Admin. Code § 19-195.1(b).

Each of the seven plaintiffs is a cyclist who in 2024 or 2025 crossed into intersections during those seconds when the traffic light had not yet turned green and the LPI had been

activated for pedestrians.  Upon entering the intersections, the plaintiffs were stopped by an NYPD officer.[1]  Each of the plaintiffs was asked by the officer to produce identification and three of them were also told to "wait."  One plaintiff did not have his identification on him and was required to identify himself through information on his cellphone.  Each of the plaintiffs informed the officers who stopped them about the LPI law, to which the officers responded in some form or fashion that the plaintiffs had crossed the intersection illegally.  The officers then wrote up traffic tickets/summonses for the plaintiffs for red light violations.  Five of the plaintiffs waited between approximately 10 and 15 minutes for the officers to write their tickets.  The violations against three plaintiffs have been dismissed.  The remaining plaintiffs are awaiting court hearing dates.

Plaintiffs filed the original complaint on May 7, 2025.  Plaintiffs filed a first amended complaint on July 30.  After defendants moved to dismiss on October 6, plaintiffs filed the operative SAC on November 14.  The SAC asserts a § 1983 claim for false arrest as well as state law claims under the New York State Constitution, New York common law, and New York City

---

[1] Plaintiff Katherine Pender alleges that three additional officers joined the officer who stopped her and surrounded her during the interaction.

3

Admin. Code § 8-801 et seq., seeking injunctive relief and damages. It brings the claims on behalf of a putative class of individuals who "have been or will be detained, arrested, ticketed, and/or prosecuted" for cycling through an intersection when the LPI is active.

Defendants renewed their motion to dismiss on November 18. The motion became fully submitted on January 22, 2026.

## Discussion

To defeat a motion to dismiss brought under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Doe v. Franklin Square Union Free School Dist., 100 F.4th 86, 94 (2d Cir. 2024) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Vengalattore v. Cornell Univ., 36 F.4th 87, 102 (2d Cir. 2022) (quoting Iqbal, 556 U.S. at 678). In determining if a claim is sufficiently plausible to withstand dismissal, a court "must accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." Doe, 100 F.4th at 94 (citation omitted).

I.  Fourth Amendment

The defendants argue that the plaintiffs have failed to plead a § 1983 claim for a violation of the Fourth Amendment.[2] The Fourth Amendment proscribes unreasonable "seizures." U.S. Const. amend. IV.  When an officer "even briefly" detains an individual and restrains that person's right to walk away, "he has effected a seizure and the limitations of the Fourth Amendment become applicable." Posr v. Doherty, 944 F.2d 91, 97 (2d Cir. 1991) (citation omitted).  One form of seizure is an arrest, which is unreasonable absent probable cause. Carruthers v. Colton, 153 F.4th 169, 179 (2d Cir. 2025).  Another form of a Fourth Amendment seizure is a Terry stop, or a "lawful custodial interrogation[] that do[es] not rise to the level of an arrest" and is justified by a showing of reasonable suspicion. Soukaneh v. Andrzejewski, 112 F.4th 107, 117 (2d Cir. 2024).  Similarly, the temporary detention of an individual by the police, "even if only for a brief period and for a limited purpose," during a stop of a vehicle is a seizure for Fourth Amendment purposes. United States v. Wallace, 937 F.3d 130, 137 (2d Cir. 2019) (citation omitted).

---

[2] It is unnecessary to reach the parties' remaining arguments regarding service, municipal liability, Commissioner Tisch's personal involvement, and standing.

5

Years ago, the Court of Appeals held that "the issuance of a pre-arraignment, non-felony summons requiring a later court appearance, without further restrictions, does not constitute a Fourth Amendment seizure." Burg v. Gosselin, 591 F.3d 95, 98 (2d Cir. 2010). The seizure of the person, when that seizure is associated with the tasks tied to the issuance of a summons for a traffic violation, is analogous of a Terry stop and is not an unreasonable seizure so long as the seizure lasts "no longer than is necessary to effectuate" the purpose of the traffic stop. Rodriguez v. United States, 575 U.S. 348, 354 (2015) (citation omitted). "Because a traffic stop's mission is to address the traffic violation that warranted the stop and attend to related safety concerns[,] authority for the seizure ends when tasks tied to the traffic infraction are -- or reasonably should have been -- completed." Wallace, 937 F.3d at 138 (quoting Rodriguez, 575 U.S. at 354). In the context of an automobile stop, these tasks "include both determining whether to issue a traffic ticket and conducting ordinary inquiries incident to the traffic stop, such as checking the driver's license, determining whether there are outstanding warrants against the driver, and inspecting the automobile's registration and proof of insurance." Id. (quoting Rodriguez, 575 U.S. at 355).

The SAC fails to plead a violation of the Fourth Amendment. The brief traffic stops alleged in the SAC are not unreasonable seizures protected by the Fourth Amendment. The SAC does not plead detentions longer than necessary to complete tasks associated with the issuance of a summons. Without a pleading of an unreasonable seizure, the plaintiffs fail to state a § 1983 claim for false arrest.

In their opposition brief, the plaintiffs stress that they were each subjected to a seizure, citing Amore v. Novarro, 624 F.3d 522, 532 n.13 (2d Cir. 2010). The plaintiffs' argument misses the mark. The minutes-long seizure during a routine traffic stop during which an officer confirms identification and issues a ticket is not unreasonable and therefore does not constitute an unreasonable seizure or confinement for the purposes of a false arrest claim.

II. Supplemental Jurisdiction

Having dismissed the only federal claim in the SAC, the next issue is whether to exercise supplemental jurisdiction over the remaining state law claims. A district court may decline to exercise supplemental jurisdiction over a state-law claim if it "has dismissed all claims over which it has original jurisdiction." 8 U.S.C. § 1367(c)(3). Once a court has dismissed all federal claims, it must decide whether the

7

traditional values of "economy, convenience, fairness, and comity" counsel against the exercise of supplemental jurisdiction.  Catzin v. Thank You & Good Luck Corp., 899 F.3d 77, 85 (2d Cir. 2018) (citation omitted).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."  Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006) (citation omitted).  Thus, "[i]t is well settled that where ... the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims."  Whiteside v. Hover-Davis, Inc., 995 F.3d 315, 325 (2d Cir. 2021) (citation omitted).

There is no reason to depart from the ordinary practice.  The federal claim has been dismissed and discovery has not begun.  The plaintiffs do not advance any argument why this Court should exercise supplemental jurisdiction in the event the federal claim is dismissed.  Both judicial economy and comity favor dismissal.

## Conclusion

The defendants' November 18, 2025 motion to dismiss is granted.  The Clerk of Court shall enter judgment for the

defendants on the § 1983 claim.  The state law claims are dismissed without prejudice to being refiled in state court. The Clerk of Court shall close the case.

Dated:    New York, New York
          March 6, 2026

                                      DENISE COTE
                            United States District Judge